UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAWRENCE YOUNG, ON BEHALF OF
HIMSELF AND ALL OTHER PERSONS
SIMILARLY SITUATED,

                 Plaintiffs,

                 v.

METROPOLITAN    LEARNING    INSTITUTE,

INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 1:22-cv-1722

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

GOTTLIEB & ASSOCIATES

Jeffrey M. Gottlieb (JG-7905)
Michael A. LaBollita (ML-9985)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Jeffrey@gottlieb.legal

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**I.**      PRELIMINARY STATEMENT

**II.**     STATEMENT OF FACTS

**III.**    VENUE IS PROPER IN THIS DISTRICT

**IV.**     LEGAL STANDARD 12(b)(2)

**V.**      THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANT AND
DEFENDANT'S 12(b)(2)  ARGUMENT IS WITHOUT MERIT

**VI.**     LEGAL STANDARD 12(b)(6)

**VII.**    THE PLAINTIFF STATES A VALID CLAIM UNDER THE ADA AND
DEFENDANT'S 12(b)(6) ARGUMENT IS WITHOUT MERIT

**VIII.**   THE ADA APPLIES TO WEBSITES AND THE DEFENDANT'S WEBSITE IS A
PLACE OF PUBLIC ACCOMMODATION

**IX.**      PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD SURVIVE WITH THE
ADA CLAIM

**X.**      CONCLUSION

**Table of Authorities**

**Pages**

28 C.F.R. § 36.303 ............................................................................................................. 9, 10
28 U.S.C. § 302 ....................................................................................................................... 6
28 U.S.C. § 1391 ..................................................................................................................... 4
28 U.S.C. § 1391, (2) .......................................................................................................... 4, 6
42 U.S.C. § 12181 ................................................................................................................. 11
42 U.S.C. § 12182 ............................................................................................................ 9, 10
N.Y. C.P.L.R. 302 ............................................................................................................... 5, 7
*Fed. R. Civ. P. 12* ......................................................................................................... *2, 4, 8*

Section 504 of The Rehabilitation Act of 1973 ........................................................................ 1

*Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-cv-02486-MKB, 2018 U.S. Dist. LEXIS 219632
    (E.D.N.Y. Dec. 22, 2018) ............................................................................................4
*Andrews v. Blick Art Materials, L.L.C.*,
    268 F. Supp. 3d 381 (E.D.N.Y. 2017) ....................................................................11,13
*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................................... 8
*Baughman v. Walt Disney World Co.*,
    685 F.3d 1131 (9th Cir. 2012) ...................................................................................... 10
*Brooke v. Regency Inn-Downey, L.L.C.*,
    No. 2:17-cv-2115-HRH, 2017 U.S. Dist. LEXIS 150716, 2017 WL 412043 (D. Ariz. Sept. 18, 2017)
    .......................................................................................................................... 4
*Camarillo v. Carrols Corp.*,
    518 F.3d 153 (2d Cir. 2008) ........................................................................................... 9
*Carson Optical, Inc. v. RQ Innovasion, Inc.*,
    No. 16-CV-1157 (SIL), 2020 U.S. Dist. LEXIS 55223 (E.D.N.Y. Mar. 30, 2020) ............................ 6
*Del-Orden v. Bonobos, Inc.*
    No. 17 Civ. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017) 2017 WL 6547902
    ..............................................................................................................13,16, 17
*Deutsche Bank Nat'l Tr. Co. v. Robinson*
    CIVIL ACTION FILE NO. 1:12-CV-02387-ODE-GGB, 2012 U.S. Dist. LEXIS 201585
    (N.D. Ga. July 30, 2012) ............................................................................................. 14
*Diaz v. Kroger Co.*,
    No. 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y. June 4, 2019) ............................ 7
*Dominguez v. N.Y. Equestrian Ctr., Ltd.*,
    No. 18-cv-9799 (AJN), 2020 U.S. Dist. LEXIS 179258 (S.D.N.Y. Sept. 28, 2020) ......................... 11

ii.

*Faculty Alumni, & Students Opposed to Racial Preferences v. N.Y. Univ.*,
   11 F.4th 68 (2d Cir. 2021) ................................................................................ 18

*FaZe Clan, Inc. v. Tenney*,
   No. 19-cv-7200(JSR), 2019 U.S. Dist. LEXIS 189617 (S.D.N.Y. Oct. 31, 2019) .............................. 4

*Jaquez v. Dermpoint, Inc.*
   No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y. May 20, 2021) ......................... 17

*Lowell v. Lyft, Inc.*,
   352 F. Supp. 3d 248 (S.D.N.Y. 2018) ............................................................... 13

*Markett v. Five Guys Enters. L.L.C.*,
   No. 17-cv-788 (KBF), 2017 U.S. Dist. LEXIS 115212 (S.D.N.Y. July 21, 2017) ..................... 11, 17

*McGraw-Hill Glob. Educ. Holdings, L.L.C. v. Khan*,
   323 F. Supp. 3d 488 (S.D.N.Y. 2018) ............................................................. 6, 7, 8

*Pallozzi v. Allstate Life Ins. Co.*,
   198 F.3d 28 (2d Cir. 1999) ...................................................................... 10, 11

*Rodal v. Anesthesia Grp. of Onondaga*, 369 F.3d 113, 117 n.1 (2d Cir. 2004).
   (E.D.N.Y. 2017) ..................................................................................... 18

*Royalty Network, Inc. v. Dishant.com, L.L.C.*,
   638 F. Supp. 2d 410 (S.D.N.Y. 2009) ................................................................ 7

*Romero v. 88 Acres Foods, Inc.*,
   *2022 U.S. Dist. LEXIS 9040 (2022)* ...................................................... *12, 13, 14*

*Sanchez v. NutCo, Inc.*,
   2022 U.S. Dist. LEXIS 51247 (2022) ............................................................... 13

*Shear Mobility, L.L.C. v. Stoll*,
   No. 18-CV-00163-LJV-JJM, 2018 U.S. Dist. LEXIS 175521 (W.D.N.Y. Oct. 10, 2018) ................. 7

*Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113 .......................................... 5

*Thorne v. Formula 1 Motorsports, Inc.*
   No. 19-CV-1077 (JPO), 2019 U.S. Dist. LEXIS 220080 (S.D.N.Y. Dec. 19, 2019) ................... 17

*Two's Co. v. Hudson*,
   *No. 13-cv-3338-NSR, 2014 U.S. Dist. LEXIS 30028 (S.D.N.Y. Mar. 6, 2014)* ................... *6*

*Winegard v. Crain Commc'ns, Inc.*
   *No. 20-cv-01509 (AJN), 2021 U.S. Dist. LEXIS 60964 (S.D.N.Y. Mar. 30, 2021)* ............... *17*

*Winegard v. Newsday L.L.C.*,
   *No. 19-CV-04420(EK)(RER), 2021 U.S. Dist. LEXIS 153995 (E.D.N.Y. Aug. 16, 2021)* .......... *11*

*WowWee Grp. Ltd v. Meirly*
   *No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905 (S.D.N.Y. Mar. 27, 2019)* ................ *7*

Plaintiff, Lawrence Young, on behalf of himself and all others similarly situated, ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss (Dkt. 12, the "Motion to Dismiss") filed by METROPOLITAN LEARNING INSTITUTE, INC., (hereinafter collectively referred to as "Defendant").

## I.   **PRELIMINARY STATEMENT**

Defendant is in violation of the American with Disabilities Act of 1990 (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), the New York City Human Rights Law (the "NYCHRL"), and Section 504 of The Rehabilitation Act of 1973 ("RA") because its website is plagued with access barriers that prevent blind and visually impaired persons from, *inter alia*, navigating the website and completing transactions.

In an attempt to obtain a dismissal of the Class Action Complaint filed in this action (Dkt. 1, the "Complaint"), Defendant seeks a Rule 12(b)(2) dismissal by arguing that it is not subject to the personal jurisdiction of this Court, despite the fact that it uses its website to conduct business with consumers in the State of New York and actually physically conducted business in the State of New York, as well as registered to do business in New York State. Accordingly, this Court has personal jurisdiction, both general and specific, over the Defendant in this action.

Defendant also seeks a Rule 12(b)(6) dismissal by arguing that the Defendant's Website is not subject to the ADA because it is not a place of public accommodation, despite the fact that its website is heavily integrated with its physical college campus location in New York City. Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

This case is very straightforward. The Plaintiff, who resides in Manhattan and is blind, was denied access to the Defendant's Website due to barriers. The Defendant is a trade school

1

with a physical location in Queens. The Plaintiff seeks injunctive relief, statutory damages, and attorney's fees and costs pursuant to the ADA, RA. NYSHRL.

The Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2). Defendant's Notice of Motion dated April 28, 2022 is based solely upon the *Back to The Future* "Affirmation of Chris Rykaczewski, Esq., affirmed on the 24th day of May, 2022." Their so-called affirmation, which is labeled as a "Memorandum of Law of Defendant in Support of Motion to Dismiss" (hereafter "Def's Memo") further attempts to bolster its importance as an Affirmation at page 5, line 3 by stating that it is an affirmation by the Defendant's attorney and because of this he has "knowledge of the facts of this case."

This sham affirmation doesn't state that it is based upon personal knowledge, is not sworn to and is not a repository of facts. If it looks like a memo, talks like a memo, and states that it is a memo, it is merely a memo. This less than stellar bedrock of legal jurisprudence is an epitome of and foreshadows what is to follow in Def's Memo. The memo is a misstatement of facts and a fanciful and wishful interpretation of the law and is totally devoid of merit and should be denied in its entirety.

## II.   <u>STATEMENT OF FACTS</u>

Plaintiff brought his civil rights action against the Defendant for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA"). *Complaint* at ¶ 5. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to

2

refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet their definition have limited vision. Others have no vision. *Id* at ¶ 2. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and other visually-impaired consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment of the services of Defendant's Website while attempting to access Defendant's website from his home in New York, New York. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from visiting Defendant's Website. This includes Plaintiff attempting to interact with Defendant's website to obtain information about Defendant's online school programs, to take courses online and apply for admissions, and to send transcripts to determine student eligibility, as hereinafter set forth in more detail. *Id* ¶ 13. Defendant's interactive website offers prospective students the ability to take courses online, to pay tuition and other costs online, apply for payment plans, and apply for admissions online, as well as information relating to course offerings, financial aid, cost of tuition, majors, and other services available online and other general information about attending the college. *Id* ¶ 14. The Plaintiff intends to immediately revisit the Website to consider applying for admission and enrolling in online courses at the Defendant's school as soon as the access barriers are removed from the Website. *Id* ¶ 33. During Plaintiff's last visit to Defendant's Website in January, 2022 he experienced specified and particularized barriers on the Website that prevented him from utilizing the Website. *Id* ¶ 32.

### III.   VENUE IS PROPER IN THIS DISTRICT

Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District. Furthermore, the plaintiff's choice of venue is proper because this Court is located where the events giving rise to the claim occurred. "Moreover, in cases involving 'non-physical torts, courts generally hold that venue under 28 U.S.C. § 1391(a)(2) *i*s proper in the district where the injured party resides ....(cites omitted'". *Brooke v. Regency Inn-Downey, L.L.C.*, No. 2:17-cv-2115-HRH, 2017 U.S. Dist. LEXIS 150716, 2017 WL 412043 (D. Ariz. Sept. 18, 2017). *Brooke,* which also was an ADA website case, denied a motion to transfer venue.

### IV.   LEGAL STANDARD 12(b)(2)

In order to defeat a Fed. R. Civ. Pro. 12(b)(2) motion to dismiss, a plaintiff must demonstrate a *prima facie* showing of personal jurisdiction over a defendant. *See FaZe Clan, Inc. v. Tenney*, No. 19-cv-7200(JSR), 2019 U.S. Dist. LEXIS 189617, at *10 (S.D.N.Y. Oct. 31, 2019) (citing *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)). In addition, when considering a Fed. R. Civ. P. 12(b)(2) motion to dismiss, the court must construe the pleadings and any supporting materials in the light most favorable to plaintiff. *See Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-cv-02486-MKB, 2018 U.S. Dist. LEXIS 219632, at *7 (E.D.N.Y. Dec. 22, 2018) (*citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

### V.   THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANT AND DEFENDANT'S 12(b)(2) ARGUMENT IS WITHOUT MERIT

4

Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury and violated rights the ADA and RA prescribed to Plaintiff and to other blind and other visually-impaired prospective students. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: on separate occasions, Plaintiff has been denied the full use and enjoyment of the services of Defendant's Website while attempting to access Defendant's website from his home in New York, New York. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from visiting and utilizing Defendant's Website. This includes, Plaintiff attempting to interact with Defendant's website to obtain information about Defendant's online school programs, to take courses online and apply for admissions, send transcripts to determine student eligibility, as hereinafter set forth in more detail.

Pursuant to New York's long arm statute, a court may exercise specific personal jurisdiction over a "non-domiciliary who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." *See* N. Y. N.Y. C.P.L.R. 302(a)(1). This applies to defendants who, "[u]nder the totality of circumstances, 'purposefully avail themselves of the privilege of conducting activities within New York, thus invoking the benefits and protections of its law.'" *Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113, *5 (*citing Mattel, Inc. v. Adventure Apparel*, No. 00-CV-4085 (RWS), 2001 U.S. Dist. LEXIS 3179, 2001 WL 286728, *2 (S.D.N.Y. Mar. 22, 2001). In addition, "[t]here must be 'some articulable nexus between the business transacted and the cause of action sued upon.'" *Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113, *5-6 (*citing Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007).

5

While this Court granted the defendant's motion to dismiss for a lack of personal jurisdiction in *Sullivan*, this Court made note of the fact that the *Sullivan* plaintiff did not allege the defendant transacted any business in New York, and the defendant affirmed that it did not conduct any business in New York. *Sullivan. id*. at *7. Based on this, this Court found that there was no personal jurisdiction over Defendant pursuant to 28 U.S.C. § 302(a)(1), because there were no allegations to serve as a basis to establish that the defendant transacted business in New York. *Id.* In contrast to *Sullivan*, the Complaint herein explicitly alleges that Defendant conducted and continues to conduct business in the State of New York via its Website as well as physically. *Complaint* at ¶¶ 12, 20-22.

Plaintiff's allegations are bolstered by the nature of Defendant's Website. In assessing whether a defendant transacted business in New York for purposes of the long arm statute on the basis of internet contacts, courts in the Second Circuit have applied a sliding scale analysis of the subject website's level of interactivity. *See, e.g.,* C*arson Optical, Inc. v. RQ Innovasion, Inc.,* No. 16-CV-1157 (SIL), 2020 U.S. Dist. LEXIS 55223, at *7 (E.D.N.Y. Mar. 30, 2020); *see also McGraw-Hill Glob. Educ. Holdings, L.L.C. v. Khan*, 323 F. Supp. 3d 488, 494 (S.D.N.Y. 2018); *Two's Co. v. Hudson*, No. 13-cv-3338-NSR, 2014 U.S. Dist. LEXIS 30028, at *10-12 (S.D.N.Y. Mar. 6, 2014).

When websites are "fully interactive" and allow consumers in New York to purchase products, "[s]uch websites are commercial and courts will generally confer jurisdiction over the defendant based on the website." *Two's Co.*, 2014 U.S. Dist. LEXIS 30028, at *12. "[I]f a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York and is therefore subject to the court's jurisdiction." *Carson Optical,* nc., No. 16-CV- 11,572020; McGraw-Hill Glob. Educ. Holdings, L.L.C., 323 F. Supp. 3d at 494 (holding same).

Further, "[w]here [a subject website] . . . purposefully directs activity into a forum state--for example, by making sales of goods or services to New York residents--those activities can be sufficient to trigger jurisdiction under N.Y. C.P.L.R. 302(a)(1)." *Royalty Network, Inc. v. Dishant.com*, 638 F. Supp. 2d 410, 418-19 (S.D.N.Y. 2009); *see also Shear Mobility, L.L.C. v. Stoll*, No. 18-CV-00163-LJV-JJM, 2018 U.S. Dist. LEXIS 175521, at *5 (W.D.N.Y. Oct. 10, 2018) (holding same); *compare with Diaz v. Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y. June 4, 2019) (granting a motion to dismiss for lack of personal jurisdiction after concluding that delivery of goods purchased on the website was not available to New York).

This analysis was also firmly established by this very Court. As noted by this Court in *WowWee Grp. Ltd v. Meirly*, "[t]he case law has stopped short of requiring additional conduct beyond maintaining an interactive website that offers products to consumers [in order to confer personal jurisdiction]." *WowWee Grp. Ltd v. Meirly* (*AJN*), No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905, at *10 (S.D.N.Y. Mar. 27, 2019) (Nathan, J.). In completing its analysis, this Court cited to *Citigroup, Inc. v. City Holding Co.*, wherein the district court "went so far as to conclude that the [defendant] business's activity over the Internet, which consisted of posting information about products, taking applications, and providing email and live chat responses to customers, 'conferred personal jurisdiction under N.Y. C.P.L.R. 302(a)(1),'—and remarked only that the other activities served to 'bolster' its jurisdictional finding." *Id.* (*citing Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000).

As alleged in the Complaint in this action, Defendant's Website is highly interactive,

as it allows for residents in New York to take courses on-line. The Complaint further alleges that Defendant has conducted business with residents in New York via the Website. Based on the nature of the Website and the allegations concerning Defendant's business conducted through the Website, this Court has the sufficient basis to confer specific personal jurisdiction under New York's long arm statute. *See also McGraw-Hill Glob. Educ. Holdings, L.L.C.*, 323 F. Supp. 3d at 494 (holding "[b]ecause [d]efendants' website is interactive and allows a buyer in New York to submit an order online, [p]laintiffs have established this Court's personal jurisdiction over Defendants pursuant to N.Y. CPLR § 302(a)(1)") (citations omitted).

Here, the Defendant transacts business in New York City, the Defendant maintains a physical location in New York City, the Defendant is registered to do business in New York State, the Defendant maintains a wholly and fully interactive Website in New York City and therefore there is no question that the Defendant is subject to the general and specific personal jurisdiction of this Court.

## VI.   LEGAL STANDARD 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*. "To state a claim under Title III [of the Americans with Disabilities Act ("ADA" or "the Act")], [a plaintiff] must allege (1) that [he] is disabled within the meaning of the ADA; (2) that

defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Title III of the ADA ("Title III) requires "[n]o individual shall be discriminated against on the basis of disability in the ***full*** and ***equal*** enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

## VII. <u>THE PLAINTIFF STATES A VALID CLAIM UNDER THE ADA AND DEFENDANT'S 12(b)(6) ARGUMENT IS WITHOUT MERIT</u>

Plaintiff has stated a claim under Title III of the ADA. The Complaint alleges Plaintiff is disabled within the meaning of the ADA; states the Plaintiff's attempt to obtain information about Defendant's school programs as well as the specific barriers encountered by the Plaintiff, which was futile because the Defendant's website contains substantial barriers to accessibility which made the Website almost impossible to navigate. In *arguendo*, even if the Plaintiff was able to somehow able to access the Website despite the numerous and substantial barriers, Title III of the ADA requires "[n]o individual shall be discriminated against on the basis of disability in the ***full*** and ***equal*** enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. *Id.* § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate services where necessary to ensure effective communication with individuals with disabilities."

9

28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii), *see also Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012). Defendant also states that its school is for "newly-arrived, non-English speaking migrants" and that Lawrence Young, the Plaintiff, "with an obviously English first name and surname" doesn't fit that profile. (Def's Memo at 9). This is pure hyperbole and the website is devoid of any such references. Defendant further states that a blind person could not enroll in courses such as medical assisting or phlebotomy due to their disability. Not only is this false but is also discriminatory. Defendant unsuccessfully tries to compare these courses to a commercial airline pilot! The Defendant failed to mention other courses that they offer which evidently would not fit into its comparison to an airline pilot. *Id.* at 10. Defendant states that it "does not offer any other programs besides these aforementioned programs" [medical programs] which assertion is patently false. Pursuant to the Website,[1] Defendant also offers courses in Office Technology with Bookkeeping or Medical Billing as well as Accounting Assistant. In sum, the Plaintiff could clearly take these courses and his claims are plausible. Defendant's arguments concerning the application of WCAG 2.0 are totally misplaced because it has been approved by virtually every court considering this issue as well as the federal government and the DOJ. Defendant's additional arguments that the Plaintiff did not allege issues regarding the taking of courses themselves are misplaced since Plaintiff's claims relate to the website.

## VIII. <u>THE ADA APPLIES TO WEBSITES AND THE DEFENDANT'S WEBSITE IS A PLACE OF PUBLIC ACCOMMODATION</u>

The Second Circuit has held that the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held, Title III requires not only that a "place of public

---

[1] https://www.gettraining.org/, last accessed May 18, 2022

accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, <u>every</u> District Court within the Second Circuit with the exception of the outlier *Wingard*[2] to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andrews v. Blick Art Materials, L.L.C.*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 121007 (E.D.N.Y. July 31, 2017) (Weinstein, J.); *Markett v. Five Guys Enters. L.L.C.*, No. 17-cv-788 (KBF), 2017 U.S. Dist. LEXIS 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held that a company violates the ADA when it fails to make its websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.* Here, the Defendant's physical college campus location is undoubtedly a place of public accommodation under 42 U.S.C. § 12181(7)(f), and its Website is heavily integrated with its physical location.

Defendant fails to account for an established line of case law in this District and in the Second Circuit (including caselaw issued by this Court) explicitly finding that a website is a place of public accommodation subject to the requirements of the ADA. *See, e.g.,* D*ominguez v. N.Y. Equestrian Ctr., Ltd.,* No. 18-cv-9799 (AJN), 2020 U.S. Dist. LEXIS 179258, at \*5

---

[2]*Winegard v. Newsday L.L.C.*, No. 19-CV-04420(EK)(RER), 2021 U.S. Dist. LEXIS 153995 (E.D.N.Y. Aug. 16, 2021) is an ***outlier*** and the Honorable Kimba Wood ***criticized*** *Winegard* by holding "this Court does not find Winegard's reasoning compelling."*Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist. LEXIS 9040, at \*16 (2022) (SDNY Jan. 18, 2022, No. 20-CV-9215 (KMW))

(S.D.N.Y. Sept. 28, 2020 (S.D.N.Y. Sep. 28, 2020) (Nathan, J.) (finding that "[the defendant's]
website is a place of accommodation" subject to the ADA); *see also Thorne v. Formula 1
Motorsports*, Inc., No. 19, at \*5 (S.D.N.Y. Dec. 19, 2019); *Andrews v. Blick Art Materials,
L.L.C.*, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) ("It is unambiguous that under Title III of
the ADA, [the defendant's website] is a place of public accommodation"); *see also Romero*,
2022 U.S. Dist. LEXIS 9040, at \*16 (SDNY Jan. 18, 2022, No. 20-CV-9215 (KMW))) (the
Court concludes that the term "public accommodation" in Title III of the ADA encompasses
private commercial websites that affect commerce with or without a nexus to a physical place"
*Romero*, at \*19-20), *see also Sanchez v. NutCo, Inc.*, 2022 U.S. Dist. LEXIS 51247 (2022)
(SDNY Mar. 22, 2022, No. 20-CV-10107 (JPO)); *Panarra v. HTC Corporation* [WDNY April
15, 2022, No. 6:20-cv-6991(FPG-MWP), DKT. 53]. In *Del-Orden v. Bonobos, Inc.*, Judge
Engelmayer conducted a comprehensive review of the caselaw, and "join[ed] the growing
number of courts to hold that commercial websites qualify as 'public accommodations' within
the meaning of the ADA, such that the ADA's protections extend to blind persons who claim
discriminatory access to such websites." *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE),
2017 U.S. Dist. LEXIS 209251, 2017 WL 6547902, at \*1 (S.D.N.Y. Dec. 20, 2017)
(Engelmayer, J.). *Romero* at \*15. Further, as at least one other court in this District has
recognized, "[i]t is premature to decide the question of whether a defendant is a public
accommodation at the motion to dismiss stage." *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 261
(S.D.N.Y. 2018); *see also Andrews*, 268 F. Supp. 3d at 397-98 (denying motion to dismiss
where plaintiff's allegations that defendant's website was a public accommodation were
sufficient to state ADA claim).

     Additionally, the Department of Justice weighed in on the issue of whether the ADA

applies to websites "[w]hen Congress enacted the ADA in 1990, it intended for the ADA to keep pace with the rapidly changing technology of our times. Since 1996, the Department of Justice has consistently taken the position that the ADA applies to web content." "Inaccessible web content means that people with disabilities are denied equal access to information. An inaccessible website can exclude people just as much as steps at an entrance to a physical location. Ensuring web accessibility for people with disabilities is a priority for the Department of Justice. In recent years, a multitude of services have moved online and people rely on websites like never before for all aspects of daily living." A website with inaccessible features can limit the ability of people with disabilities to access a public accommodation's goods, services, and privileges available through that website.[3]

The Eastern District decisions raised by the Court were thoroughly considered and rejected by Judge Kimba Wood in the recent case of *Romero*, 2022 U.S. Dist. LEXIS 9040, at *16, which held unequivocally "websites qualify as places of public accommodation, albeit electronic ones, and as such are required to provide equal services to visually impaired and sighted people." After a thorough analysis of various foreign circuits, as well as the cases of *Martinez v. Mylife.com, Deutsche Bank Nat'l Tr. Co. v. Robinson* (*MBC*), CIVIL ACTION FILE NO. 1:12-CV-02387-ODE-GGB, 2012 U.S. Dist. LEXIS 201585 (N.D. Ga. July 30, 2012) and *Winegard v..Newsday LLC*, 19-CV-04420 (EI) (RER) (E.D.N.Y. Aug. 16, 2021), Judge Wood wrote "[T]his Court does not find *Wingard's* reasoning compelling."

Specifically, looking to the language of Section 12181(7) of the ADA, Judge Wood found that in addition to listing physical places such as restaurants, hotels, and gymnasiums as

---

[3] Justice Department Issued New Web Accessibility Guidance Under the Americans with Disabilities Act Titled Guidance on Web Accessibility and the ADA (This guidance describes how state and local governments and businesses open to the public can make sure that their websites are accessible to people with disabilities as required by the Americans with Disabilities Act (ADA). *https://beta.ada.gov/web-guidance/ Published* March 16, 2022.

covered accommodations, other entities such as "travel services" were listed. *Id.*. Additionally, Judge Wood noted that the relevant section lists "other sales or retail establishments" as covered entities. These additions must indicate that non-physical retailers are covered for otherwise, Judge Wood held, this would lead to the "absurd result that people with disabilities are protected if they shop in-store at Whole Foods, but not if they shop online at whole foods." *Id.*.

Rejecting the Eastern District reasoning, the Senior SDNY Judge then determined that the constructions *noscitur a sociis* and *ejusdem generis*, should be read in the context of this catch all clause regarding service and other retail establishments as encompassing non-brick-and-mortar sales establishments. *Id.*.

Judge Wood then proceeded to analyze the legislative history of the ADA, noting that Congress intended for the "types of accommodation and services provided to individuals with disabilities . . .should keep pace with the rapidly changing technology of the times." *Id.*. This, Judge Wood held, applies to the large volume of interstate commerce transacted through websites. *Id.* Given the prominence of online retail establishments in providing goods and services directly to customers, Congress' intent in passing the ADA would be stymied were public accommodations limited to physical spaces.

Judge Wood's ruling is the culmination of a long series of rulings by Southern District Judges. Following the seminal holding by the Second Circuit in *Pallozzi v. Allstate Life Insurance Co.*, 198, F.3d 28, 32 (2d Cir. 1999) that "the [ADA] was meant to guarantee . . .more than mere physical access" Judge Engelmayer held in *Del-Orden v. Bonobos, Inc.*, at *19 that "A commercial website itself qualifies as a place of public accommodation to which Title III of the ADA affords

14

a right of equal access." To hold otherwise, "Congress's purposes in adopting the ADA would be frustrated were the term public accommodation given a narrow application under which access to the vast world of Internet Commerce would fall outside the statutes protection." *Id.* at \*24.

From *Del-Orden* through *Romero*, the Courts of the Southern District have consistently held that arbitrarily excluding entities that sell and distribute goods and services digitally as opposed to physical locations is both unworkable and not in keeping with the text and history of the statute. *E.g.,Dominguez v. Banana Republic, LLC*, 1:19-cv-10171-GHW, 2020 U.S. Dist. LEXIS 72193, at \*22-\*23 (S.D.N.Y. April 23, 2020) ("[Requiring] some nexus between the website and the physical place of public accommodation is both unworkable and would produce absurd results."); *Winegard v. Crain Commc'ns, Inc.*, No. 20-cv-01509 (AJN), 2021 U.S. Dist. LEXIS 60964, at \*6 (S.D.N.Y. Mar. 30, 2021) ("Defendant's website is a place of public accommodation."); *Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at \*7-8 (S.D.N.Y. May 20, 2021) ("multiple district courts in this circuit-including this one-have held that websites qualify as places of public accommodation, even when they are not attached to a traditional brick-and-mortar store.") (citations omitted).[4] Most recently, Judge Failla affirmed this in *Paguada v. Athena Allergy*, 1:21-cv-01245 (KFP), Docket No. 38 (S.D.N.Y. Feb. 22, 2022).

Defendant incorrectly states that a "place of public accommodation" must be a physical space. Defendant alleges that in order to state a Title III claim for website accessibility, "a plaintiff must allege 'some nexus between the website and the physical place of accommodation". (Def's Memo at 14). The Plaintiff has alleged such a nexus so that even

---

[4] *see also Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 U.S. Dist. LEXIS 220080 (S.D.N.Y. Dec. 19, 2019); *Sanchez v. Webull Financial LLC*, 21 CV 930 (ER), Docket No. 18 (S.D.N.Y. June 3, 2021); *Markett*, 2017 U.S. Dist. LEXIS 115212.

under the Defendant's total misapplication of the law, the Plaintiff has clearly stated a claim for

relief. Accordingly, Defendant's Website is undoubtedly a place of public accommodation

subject to the requirements of the ADA.

## IX.   PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD SURVIVE WITH THE ADA CLAIM

Defendant alleges that if this Court finds Plaintiff's failed to state a cognizable

claim under the ADA, then it dooms the remaining claims under the New York State

Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

The "New York State [and City] disability discrimination claims are governed by the same

legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga,* 369 F.3d 113, 117

n.1 (2d Cir. 2004). Thus, "[i]n general, disability discrimination claims under the NYSHRL rise or

fall in tandem with disability discrimination claims brought pursuant to the federal ADA."

*Andrews at* 381, 398 (E.D.N.Y. 2017) (citing *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181,

186 n.3d (2d Cir. 2006)). In *arguendo*, should the Plaintiff's ADA claim fail, the NYCHRL

claim must therefore be analyzed "separately and independently from any federal and state

law claims, construing [the NYCHRL's] provisions broadly in favor of discrimination plaintiffs

to the extent that such a construction is reasonably possible." *Id*. (internal citation omitted)

because as the the Second Circuit has explained, "conduct that does not violate federal law

may violate the NYCHRL." *Faculty Alumni, & Students Opposed to Racial Preferences v. N.Y.*

*Univ.*, 11 F.4th 68, 68 (2d Cir. 2021) (citing *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,

715 F.3d 102, 109 (2d Cir. 2013)) (*Frawley v. Med. Mgt. Group of NY, Inc.,* 2022 US Dist

LEXIS 75235, at *22 [SDNY Apr. 25, 2022])

Accordingly, since Plaintiff's federal claims survive Defendant's motion to dismiss

for the reasons stated above, then the NYSHRL and NYCHRL claims survive as well.

## X. <u>CONCLUSION</u>

For the reasons set forth, the Court should respectfully deny Defendant's Motion to

Dismiss in its entirety or in the alternate grant Plaintiff limited jurisdictional discovery.

Dated: New York, New York
May 19, 2022

Respectfully submitted.

GOTTLIEB & ASSOCIATES
<u>/s/Jeffrey M. Gottlieb, Esq.</u>
Jeffrey M. Gottlieb (JG-7905)
Michael A. LaBollita (ML-9985)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Jeffrey@gottlieb.legal
Attorneys for Plaintiffs