UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––
LAWRENCE YOUNG, *on behalf of himself and all other persons similarly situated*,

                             Plaintiff,

          -v-

METROPOLITAN LEARNING INSTITUTE, INC.,

                             Defendant.
––––––––––––––––––––––––––––––––––––

22-CV-1722 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Lawrence Young brings this action against Defendant Metropolitan Learning Institute, Inc., alleging that it fails to make its website, www.gettraining.org, fully accessible to blind and visually impaired people, in violation of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the New York State Human Rights Law (NYSHRL), N.Y. Exec. L. §§ 290 *et seq.*; and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-101 *et seq.*

      Defendant now moves to dismiss the complaint for lack of personal jurisdiction or, alternatively, failure to state a claim. For the reasons that follow, Defendant's motion to dismiss is denied.

**I.    Background**

      The following facts are drawn from the complaint and must be accepted as true for the purposes of the motion to dismiss, under both Rule 12(b)(2) and 12(b)(6). *See, e.g.*, *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 510 (S.D.N.Y. 2016) (12(b)(2)); *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (12(b)(6)).

Plaintiff Lawrence Young, a resident of New York, New York, is a blind, visually impaired handicapped person who uses screen-reading software to access internet content. (ECF No. 1 ¶¶ 18, 19, 31.)

Defendant Metropolitan Learning Institute is a non-profit educational facility offering classes in its principal physical location in Queens, as well as online through Metropolitan Learning Institute Online College.[1] (Id. ¶ 20.) Plaintiff alleges that Defendant "advertises, markets, and/or operates" in New York and throughout the United States. (Id.)

Plaintiff alleges that he has visited Defendant's website on multiple occasions as a prospective student, attempting to "obtain information about Defendant's online school programs, to take courses online and apply for admissions [and] send transcripts to determine student eligibility." (Id. ¶ 13.) He alleges that during his most recent visit to the website, in January 2022, he experienced various barriers, including a lack of alternative text for each image, empty links containing no text, redundant links, linked images that were missing alternative text, multiple webpages with identical title elements, and broken links. (Id. ¶¶ 32, 34-36.) These issues made it difficult for Plaintiff to access all of the features on the website using his screen-reading software. Plaintiff alleges that he intends to revisit the website to consider applying for admission and enrolling in online courses as soon as the access barriers are removed from the site. (Id. ¶ 33.)

Plaintiff filed this action on March 1, 2022. He seeks a preliminary and permanent injunction prohibiting Defendant from violating the ADA, Rehabilitation Act, NYSHRL, and NYCHRL; a preliminary and permanent injunction requiring Defendant to bring its website into compliance with the ADA and Rehabilitation Act; a declaration that Defendant is operating its

---

[1] Defendant operates an additional physical location in Brooklyn. (ECF No. 12-1 at 7.)

website in a way that discriminates against the blind and violates the applicable federal and state laws, an order certifying a nationwide class, as well as New York state and city subclasses, compensatory damages, and fees and costs. (*Id.* at 33.)

## II.     Legal Standards

### A.     Rule 12(b)(2)

"A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question and must dismiss the action against any defendant over whom it lacks personal jurisdiction." *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 14 (S.D.N.Y. 2022) (cleaned up).

It is the plaintiff's burden to establish jurisdiction over a defendant. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566–67 (2d Cir. 1996). At this stage, where discovery has not yet commenced, a plaintiff "need only make a prima facie showing of personal jurisdiction over the defendant." *Romero*, 580 F. Supp. 3d at 14. This prima facie showing "may be established solely by allegations" pleaded in good faith. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam). The allegations must be more than "conclusory statement[s]"; instead, they must state specific "facts supporting th[e] conclusion" that jurisdiction is proper. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

### B.     Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). And

while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

### III.   Discussion

#### A.   Personal Jurisdiction and Venue

While Defendant moves to dismiss on the basis of Rule 12(b)(2) for lack of personal jurisdiction, its substantive argument focuses entirely on venue. (*See* ECF No. 12-1 at 17-18.) Because Defendant has failed to move to dismiss on the basis of Rule 12(b)(3) (venue), the Court need only address the issue of personal jurisdiction.[2]

There is no question that the Court may exercise personal jurisdiction over Defendant. It is axiomatic that a federal court has personal jurisdiction over defendants domiciled in the state in which it sits. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant does not contest that it is a New York domiciliary. (*See, e.g.*, *id.* at 7.) The Court therefore properly exercises its jurisdiction.

Defendant's motion to dismiss for lack of personal jurisdiction is denied.

#### B.   Defendant's 12(b)(6) motion

Defendant makes several arguments in support of its contention that Plaintiff has failed to state a claim upon which relief can be granted. First, it argues that Plaintiff's complaint is insufficiently specific about which website accessibility barriers he experienced, and therefore,

---

[2] Even if Defendant had properly moved to dismiss under Rule 12(b)(3), its argument would fail. Venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff alleges that he accessed Defendant's website from his computer while located within the Southern District. Because the events giving rise to Plaintiff's claim occurred within the Southern District, venue is proper here.

that it fails to meet the minimal burden of putting the Defendant on notice regarding the nature of the dispute.  Second, it argues that the complaint does not meet the plausibility pleading standard because Plaintiff does not fall within the demographic of students who typically enroll at Metropolitan Learning Institute.  Third, Defendant argues that its website is not a place of public accommodation for the purposes of Title III of the ADA.  Fourth, it argues that Plaintiff has failed to demonstrate a required nexus between Defendant's website and its physical locale.  The Court addresses each of these arguments in turn.

        **1.**      **Factual Specificity**

As a threshold matter, Defendant contends that Plaintiff's pleadings are insufficient under Federal Rule of Civil Procedure 8(a), which requires factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007).  Most pertinent to this argument, the complaint lists a litany of accessibility issues, such as broken hyperlinks and missing alternative text, but does not identify *which* pages, links, or areas of the website have these accessibility failures.  Nonetheless, Defendant's argument is unpersuasive because Plaintiff's allegations regarding the types of accessibility impediments on the website have properly "provid[ed] the grounds of his entitlement to relief." *Id.* (cleaned up).  Further detail on which locations on the website are out of compliance with the applicable statutes is not necessary at this stage because a complaint need not provide "detailed factual allegations" to survive a motion to dismiss. *Id. See also Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 WL 2012512, at *2 (S.D.N.Y. May 20, 2021) (concluding that the plaintiff had satisfied the plausibility pleading standard despite not identifying which images on website caused ADA violation).

### 2. Factual Plausibility

Next, Defendant argues that Plaintiff has not met the plausibility pleading requirement under Rule 12(b)(6) because he does not fit the demographic of students that would plausibly enroll at Metropolitan Learning Institute. For one thing, Defendant contends, most of its courses are tailored to a non-English speaking student population, meaning that "an individual with an obviously English first name and surname of 'Lawrence Young'" cannot "purport to draw any benefit from the program." (ECF No. 12-1 at 9; 15-1 at 1-2.) And as for its other courses, in health care and construction, Defendant asserts that a blind individual like Plaintiff could not plausibly complete the coursework or realistically embark on such a career.

Defendant's arguments implicate two related, but separate, issues: (1) whether Plaintiff has plausibly alleged that Defendant's website is not in compliance with the ADA and (2) whether Plaintiff has demonstrated that Defendant's actions have caused him a concrete and particularized injury, beyond the statutory violation itself. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The latter is a question of standing, which the Court addresses in section IV, below.

With respect to the Rule 12(b)(6) issue, the Court concludes that Plaintiff has indeed satisfied the plausibility pleading requirement. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff *has* plausibly pleaded that the website is not accessible to the visually impaired due to defects such as the broken hyperlinks and a lack of alternative text.

Further, Defendant contests the issue of factual plausibility by reference to information outside of Plaintiff's pleadings, including attestations from its employees about the substance of courses offered at Metropolitan Learning Institute. (*See, e.g.*, ECF No. 12-1 at 9-11; ECF No.

15-1.) When deciding a Rule 12(b)(6) motion, a district court may consider only allegations on the face of the complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[T]he district court is normally required to look only to the allegations on the face of the complaint.) While there are some occasions where a court may consider other documents in deciding the 12(b)(6) motion, this is not one of them. *Id.* (explaining that a district court may also consider documents attached to the complaint or incorporated into it by reference, or documents upon which the complaint "solely relies" and are "integral to the complaint"). Defendant's specific arguments about the implausibility of Plaintiff enrolling in, for instance, a phlebotomy technician course or a course directed to English language learners are therefore not appropriately considered for the purposes of the 12(b)(6) motion. And even if those facts could be considered here, Defendant has not shown that Plaintiff's allegations regarding his interest in the courses offered at the school are entirely implausible. The Court cannot, for example, determine that Plaintiff could not benefit from classes directed to non-native English speakers because he has an "obviously English" name. *See id.* ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.") (citation omitted).

### 3. Title III: Public Accommodation

Next, Defendant argues that Plaintiff has failed to state a claim because its website is not a place of public accommodation under Title III of the ADA. Defendant argues that the ADA's protections extend exclusively to physical locales, or websites with a nexus to a physical space. Because Defendant's argument is contrary to the clear weight of authority on this issue within the Second Circuit, it fails.

In order to state a claim under Title III of the ADA, a plaintiff must allege that "(1) she is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against her by denying her a full and equal

7

opportunity to enjoy the services defendants provide." *See* 42 U.S.C. § 12182(a); *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018). Only the second and third factors are in dispute here.

On the second factor, the Second Circuit has yet to resolve the question whether a website is a place of public accommodation under Title III. And as Defendant points out, the issue has created a circuit split among the courts of appeals. The Court, however, reiterates its agreement with the vast majority of district courts within the Second Circuit in holding that websites are places of public accommodation under Title III. *See Jaquez*, 2021 WL 2012512, at *3 (holding that the term "public accommodation" in Title III must extend to private commercial websites because the "the ADA, like other broadly worded statutes, ought to be read to reflect an intentional effort to confer the flexibility necessary to forestall . . . obsolescence.") (cleaned up). *See also, e.g*, *Romero v. 88 Acres Foods*, Inc., 580 F. Supp. 3d 9, 17 (S.D.N.Y. 2022) (providing a well-reasoned analysis of why websites are places of public accommodation as a matter of statutory interpretation); *Slade v. Life Spectacular, Inc.*, No. 22-CV-0037 (ALC), 2022 WL 17542029, at *3 (S.D.N.Y. Dec. 5, 2022) (collecting cases and joining "the vast majority of district courts within this circuit in holding that the ADA's protections extend to commercial websites.").

On the third factor, Plaintiff has plausibly alleged that Defendant failed to provide equal access to the contents of the website due to its incompatibility with his screen reader software.

### 4. Title III: Nexus

Defendant cites out-of-circuit precedent to argue that Plaintiff has failed to show a required nexus between Defendant's website and its physical location. (ECF No. 12-1 at 14.) But, as noted above, "[m]any well-reasoned decisions in this Circuit have found that websites are places of public accommodation, 'with or without a nexus to a physical place.'" *Roman v.*

8

*Greenwich Vill. Dental Arts P.C.*, No. 21-CV-5939 (JGK), 2022 WL 4226026, at *3 (S.D.N.Y. Sept. 13, 2022) (quoting *Romero*, 580 F. Supp. 3d at 19-21).  Because Title III considers private commercial websites to be places of public accommodation in and of themselves, a nexus to a physical space is not required.

Plaintiff has therefore stated a claim under Title III.  Because claims under the Rehabilitation Act and the NYSHRL are subject to the same legal standard, the Court need not address them separately.  *See Jones v. Volunteers of Am. Greater New York*, No. 1:20-CV-5581 (MKV), 2022 WL 768681, at *6 (S.D.N.Y. Mar. 14, 2022) (Rehabilitation Act); *Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 26 (2d Cir. 2014) (NYSHRL).  And because the legal standard under the NYCHRL is more permissive than the analogous state and federal laws, Plaintiff has clearly stated a claim under it as well.  *See Jaquez*, 2021 WL 2012512, at *3.

Defendant's Rule 12(b)(6) motion to dismiss is therefore denied in its entirety.

**IV.   Standing**

Though Defendant does not directly challenge Plaintiff's Article III standing, it "is the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists."  *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) (citation omitted).  If the Plaintiff lacks Article III standing, the Court inherently lacks subject matter jurisdiction and must dismiss the case.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) (citations omitted).

The Second Circuit has held that a plaintiff seeking injunctive relief has standing for her ADA claim where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [place of public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location."

9

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  The Court interprets Defendant's arguments about Plaintiff not fitting within its student demographic as contesting the first and third requirements.

### 1. Past Injury

Defendant forcefully argues that Plaintiff cannot realistically be interested in enrolling in the courses offered by Metropolitan Learning Institute, because they are either designed for new English learners or else involve training requiring visual acuity.  The question, then, is on what basis Plaintiff can show a concrete and particularized past injury.  The Second Circuit has held that, for purposes of standing, the mere fact that the website was not in compliance with the ADA when a plaintiff accessed it is not itself an injury — and that a self-identified "tester," with no concrete plans to patronize the defendant's business, lacked Article III standing.  *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022).³

Defendant effectively accuses Plaintiff of being a tester:  it argues that he cannot realistically intend to enroll at Metropolitan Learning Institute and that his true motivation to sue is based solely on the website defects.  But Plaintiff does allege, first, that he intends to gather information about the school and second, that he plans to "consider enrolling."  As to the first, a plaintiff may properly allege an "informational injury" where the defendant has deprived him of information required to make a "meaningful choice" on the subject of his inquiry—in this case, information as to whether an institution like Defendant's *could* serve his needs.  *See Harty*, 28 F.4th at 444.  To demonstrate Article III standing based on an informational injury, the plaintiff

---

³ *But see Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 82 (2d Cir. 2022) (Lohier, J., concurring) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332–34 (11th Cir. 2013) ("Title III of the ADA does not limit claims to 'bona fide' customers . . . and the statute instead guarantees the right to be 'free from disability discrimination' regardless of '[the plaintiff's] motive.'").

"must also allege downstream consequences from failing to receive the required information," namely "an interest in using the information beyond bringing [his] lawsuit." *Id.* (internal citations omitted). Because Plaintiff has pleaded that he intended to use the information on Defendant's website to decide whether to ultimately enroll in classes, and could not do so due to accessibility barriers, he has surpassed the bare allegations of tester standing rejected in *Harty*. Plaintiff has demonstrated a past injury for standing purposes.

### 2. Intent to Return

The third factor, the plaintiff's intent to return, focuses on ensuring that "the risk of harm is sufficiently imminent and substantial to establish standing" in cases where a plaintiff is seeking injunctive relief. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74-75 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021)). Importantly, then, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75 (cleaned up). In *Calcano*, the court was unpersuaded by the plaintiffs' use of "legal conclusions . . . couched as factual allegations." *Id.* While the plaintiffs claimed that they "intend[ ] to immediately purchase at least one store gift card from the Defendant[s] as soon as the Defendant[s] sell[ ] store gift cards that are accessible to the blind," the scant details regarding their past visits and intent to patronize the stores in the future meant that they had failed to show a concrete and particularized injury. *Id.* at 76-77.

In the context of websites, other courts in this Circuit have interpreted the intent to return prong as requiring plausible factual allegations that, "based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website,

that the plaintiff intends to return to the website." *Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 WL 17094631, at *3 (S.D.N.Y. Nov. 21, 2022).

Here, Plaintiff has pleaded that he visited Defendant's website on multiple occasions and that he "intends to immediately revisit the Website to consider applying for admission and enrolling in online courses at the Defendant's school as soon as the access barriers are removed from the Website." (ECF No. 1 ¶ 33.) While these allegations, on their face, appear to satisfy the intent-to-return prong, the Court is "skeptical of the accuracy of critical factual allegations" that are essential to Plaintiff's standing, a concern raised by Judge Caproni in *Tavarez*.[4] *See* 2022 WL 17094631 at *5.

Therefore, for the same reasons explained by Judge Caproni in her November 21, 2022 *Tavarez* opinion, the Court will permit Defendant to take jurisdictional discovery on the issue of whether Plaintiff has Article III standing. *See id; see also Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits.").

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

---

[4] The complaint, for example, states that Defendant's website provides prospective students with the ability to pay tuition online, apply for payment plans, and apply for admissions online. (ECF No. 1 ¶ 21.) Defendant attests that its website has none of those features. (ECF No. 15-1 ¶ 6.) This calls into question the accuracy of Plaintiff's alleged interest in the services provided by Defendant's website in particular, as opposed to the website of any generic educational institution. Indee

12

Prior to filing an answer, Defendant is permitted to take jurisdictional discovery, which must be complete by April 10, 2023.

The parties shall file a joint status letter by April 21, 2023.

The Clerk of Court is directed to terminate the motion at ECF No. 12.

SO ORDERED.

Dated: February 10, 2023
       New York, New York

                                                                           J. PAUL OETKEN
                                                                United States District Judge